# 10 CIV 8972

KATTEN MUCHIN ROSENMAN LLP
Attorneys for Plaintiff
575 Madison Avenue
New York, New York 10022
(212) 940-8800
Robert W. Gottlieb (RG-4147)
Steven Shiffman (SS-3630)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



COLUMBIA ARTISTS MANAGEMENT LLC,

                        Plaintiff,

           – against –

DENYCE GRAVES and DENYCE GRAVES INC.,

                      Defendants.

<u>COMPLAINT</u>

**Civ. Action No.**

Plaintiff Columbia Artists Management LLC ("CAMI"), by its attorneys Katten Muchin Rosenman LLP, for its complaint herein alleges:

<u>The Parties</u>

1.    CAMI is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in the City, County and State of New York. Its only member is Columbia Artists Management Inc. ("CAMI Inc.") which is a corporation organized and existing under the laws of the State of New York with its principal place of business located in the City, County and State of New York. CAMI is engaged in the business of providing a wide variety of management services to performing artists, which include, among other things, the booking, scheduling and servicing of performances.

2.      Defendant Denyce Graves ("Graves") is an opera singer who was managed by CAMI until May 2003 and resides in Maryland.  Upon information and belief, Defendant Denyce Graves Inc. ("DGI") is or was a corporation organized under the laws of a state other than New York State and is or was controlled by Graves, with its principal place of business located in Maryland.  CAMI has been unable to determine through checking public records whether DGI or any successor continues to exist.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between CAMI, a citizen of New York, as plaintiff, and Graves and DGI, citizens of Maryland, as defendants, and the matter in controversy with respect to each defendant exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      Venue is proper is this district pursuant to 28 U.S.C. § 1391(a)(2) & (c).

## COUNT I

5.      CAMI repeats and re-alleges each and every allegation set forth in paragraphs 1 through 2 hereof.

6.      On or about June 1, 1996, Graves and CAMI entered into an agreement with CAMI Inc. appointing CAMI Inc. as the sole and exclusive worldwide manager and representative for all of Graves' engagements.  The agreement was for a term of 3 years and was to be renewed automatically for additional one-year terms unless cancelled prior to such additional term by Graves.  On or about May 7, 2001, Graves and DGI entered into a new agreement (the "Graves Agreement") with CAMI Inc. pursuant to which CAMI Inc. would continue to act as the sole and exclusive worldwide manager and representative for all of Graves' engagements.

2

7.      The Graves Agreement required Graves and DGI to pay CAMI a commission based on the gross earnings received arising out of engagements secured by CAMI. The commissions ranged from 5% to 20%, depending on the type of performance and whether or not another manager was involved in the booking. Concerts performed prior to August 31, 2001 would result in a 20% commission, while concerts after that date would result in a 15% commission and most other bookings, including for operas, radio appearances and recordings, would result in a 10% commission, except if it was a foreign performance where a foreign agent was also involved (in such circumstances, CAMI would receive a 5% commission).

8.      The Graves Agreement was for a one-year term, commencing on April 1, 2001 and ending on March 31, 2002, but was subsequently extended for one-year to March 31, 2003. It was expressly agreed in paragraph 6 of the Graves Agreement that the obligation of Graves and DGI to pay commissions continued after the termination of the Graves Agreement as long as the fees Graves received were in connection with a booking or arrangement made by CAMI prior to the termination of its services. In addition, Graves and DGI agreed to pay CAMI within thirty days after CAMI issued a statement for its services and to pay interest at the rate of 1.5% per month on amounts more than 60 days past due.

9.      As of January 1, 2003, CAMI Inc. assigned the Graves Agreement to CAMI.

10.     On May 23, 2003, Graves and DGI notified CAMI that it should terminate its services to them.

11.     Although Graves and DGI terminated CAMI's services in May 2003, prior to the termination, CAMI had booked performances for Graves and DGI through 2006 with respect to which Graves and DGI were required to pay CAMI a commission.

12.     CAMI has duly performed all duties and conditions on its part under the Graves Agreement and has routinely sent invoices and correspondence to Graves demanding payment.

As of November 1, 2010, the principal amount of the commissions owed to CAMI by Graves and DGI totaled at least $77,000.

13.    CAMI has repeatedly demanded that Graves and DGI pay all outstanding commissions and interest thereon.

14.    Despite the foregoing, Graves and DGI have failed to pay CAMI for all the fees and interest due to CAMI on account of the performances by Graves that took place during the period ending in 2006.

15.    By reason of the foregoing, Graves and DGI are, as of November 1, 2010, liable to CAMI in the amount of at least $77,000, plus interest at the contractual amount until judgment and at the statutory rate thereafter.

## COUNT II

16.    CAMI repeats and re-alleges each and every allegation set forth in paragraphs 1 to 15 hereof as if fully set forth herein.

17.    CAMI performed management services for Graves and DGI at their request during the period of time through May 2003.

18.    The services performed by CAMI for Graves and DGI were for agreed fees plus interest as provided for in the Graves Agreement, which are the customary fees in the industry.

19.    The reasonable value of the services performed by CAMI for which Graves and DGI have received a benefit, but for which they have not paid CAMI a commission, is in the total amount of at least $77,000.

20.    By reason of the foregoing, Graves and DGI owe CAMI in quantum meruit the full commission for management services it has provided to Graves and DGI in the amount of $77,000, plus interest.

WHEREFORE, CAMI demands judgment as follows:

a.      On the first count, entering judgment in favor of CAMI and against Graves and DGI, jointly and severally, in the amount to be determined at trial, but at least $77,000, plus interest at the contractual rate until judgment and at the statutory rate thereafter;

b.      On the second count, entering judgment in favor of CAMI and against Graves and DGI, jointly and severally, in an amount to be determined at trial, but at least $77,000, plus interest;

c.      Awarding such other and further relief, including the costs and disbursements in this action, as the Court deems just and proper.

Dated: November 30, 2010
       New York, New York

KATTEN MUCHIN ROSENMAN LLP

By: _____
    Robert W. Gottlieb
    Steven Shiffman
    Attorneys for Plaintiff
    575 Madison Avenue
    New York, New York  10022
    (212) 940-8800